[Civ. No. 17877.  Second Dist., Div. Two.  May 29, 1951.]

ROSE KRIEGER, Appellant, v. MICHAEL KRIEGER, Respondent.

Samuel Reisman for Appellant.

Levy, Bernard & Jaffe for Respondent.

WILSON, J.—This is an action for divorce. Plaintiff has appealed from an order directing defendant to pay to plaintiff the sum of $750 as her total attorney's fees for services to be rendered in the action, denying plaintiff any costs and directing that she bear her own costs, on the ground that the court abused its discretion in so limiting the amount of attorney's fees and denying costs to plaintiff.

The evidence showed that the community real property had a value, according to defendant's estimate on May 18, 1949, of $94,000. An expert testified at the hearing that on September 30, 1949, it was valued at $51,300. Defendant was drawing a salary of $300 a week up to July 22, 1949, immediately prior to service of the order to show cause in this action. Two days later he voluntarily reduced his salary to $200. On May 11, 1949, defendant furnished a financial statement to a bank reciting that his net worth was $137,255. All the real property was unimproved except the residence. Defendant's insurance policies had no cash surrender value and he had procured a loan on the policies of $4,800 in order to meet his obligations and those of the corporation in which he was the principal stockholder. At the time of the hearing defendant's checking account in his bank showed a balance of $64.

The evidence showed that at the time of the hearing plaintiff was possessed of $548.39 cash in the bank; that in 1947 she had loaned her son $4,000 and received from him a written promise to repay the amount; that shortly prior to the hearing of the order to show cause she had in the Union Bank the sum of $1,036.75; that shortly before the hearing she withdrew the sum of $1,195.73 from a savings and loan account and $350 from the Union Bank account; plaintiff also has jewelry valued at $3,000 and a fur coat worth $1,500.

The court ordered that during the pendency of the litigation plaintiff should have the exclusive right, rent free, to occupy the residence of the parties, and defendant was ordered to pay all taxes becoming due thereon.

Defendant testified that the reason for his voluntary reduction of his salary was that the corporation from which he was drawing the salary was in such a financial condition that it was unable to secure loans to meet its obligations and was unable to pay the former salary.

█ The matter of allowance of attorney's fees and costs to a wife in a divorce action is in the sound discretion of the court (Civ. Code, § 137) and its conclusion will not be disturbed unless there is a showing of abuse of discretion. (*Comey* v. *Comey*, 8 Cal.2d 453, 454 [66 P.2d 148].) █ The indebtedness of plaintiff's son to her in the sum of $4,000 was properly treated as an asset by the court. █ Plaintiff is not required to dispose of her jewelry and furs in order to meet the expenses of the action. █ However, her liquid finances are greater than her husband's. She is occupying the community residence

without the payment of rent, and the other community real property is unproductive.

The financial condition of the respective parties does not justify this court in declaring that the trial court abused its discretion either in the award of attorney's fees or in the refusal to allow costs to plaintiff.

Order affirmed.

Moore, P. J., and McComb, J., concurred.